[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTIONS TO STRIKE (#103, #106)
The plaintiff, Aubrey Wright brought this action against his former employer, the Turner Seymour Manufacturing Co., claiming that he was improperly discharged by the defendant. The plaintiff's six count revised complaint filed on October 19, 1990, alleges the following facts. From January 21, 1986, until September 9, 1988, the plaintiff was employed by the defendant in various positions, including his last position as night supervisor. On January 29, 1988, while in the course of his employment with the defendant, the plaintiff sustained an injury to his shoulder. While receiving treatment and recovering from his shoulder injury, the plaintiff was diagnosed as having cardiovascular problems which required heart surgery on June 4, 1988.
The plaintiff further alleges that while he was recuperating from his operation, the defendant contacted him and asked him to return to work. The plaintiff agreed to return to work provided that the time he returned to work and the conditions under which he return to work be acceptable to his physician, Dr. Monoson. Thereafter an oral agreement was entered into between the plaintiff, the defendant and Dr. Monoson whereby the plaintiff would return to work, on or about July 18, 1988, with three restrictions: he would not be required to do any heavy lifting; he would not be required to work more than forty hours per week; and he not be required to work in the plating room.
The plaintiff claims that the defendant failed to adhere to the requirement that he work no more than forty hours per week and required him to work as many as fifty hours per week during the period from July 18, 1988 through September 8, 1988. On September 9, 1988, the defendant discharged the plaintiff for "health reasons."
In a six count revised complaint the plaintiff alleges causes of action in wrongful discharge, count one; violation of Conn. Gen. Stat.31-21, count two; violation of Conn. Gen. Stat. 31-12, count three; violation of Conn. Gen. Stat. 31-290a, count four; violation of Conn. Gen. Stat. 31-313, count five, and violation of 29 U.S.C. § 794, the Rehabilitation Act, count six.
On November 19, 1990, the defendant filed a motion to strike counts one through five of the plaintiff's revised complaint with a supporting memorandum of law. On December 10, 1990, the plaintiff filed a memorandum of law in opposition. On February 15, 1991, the defendant filed a motion to strike count six of the plaintiff's revised complaint with a supporting memorandum of law. On February 22, 1991, the plaintiff filed a memorandum of law in opposition to the second motion to strike.
A motion to strike challenges the legal sufficiency of a complaint or any count thereof. Conn. Practice Bk. 152. The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2 (1990). A motion to strike admits only well pleaded facts, not the legal conclusions contained therein. Maloney v. Convoy, 208 Conn. 392, 394 (1988). If the plaintiff's complaint contains CT Page 5452 the necessary elements of a cause of action, it will survive a motion to strike. D'Ulisse-Cupo v. Board of Directors, 202 Conn. 206, 218-219 (1987).
The defendant first moves to strike count one of the plaintiff's revised complaint on the grounds that Connecticut does not recognize a cause of action in wrongful discharge for breach of contract. The plaintiff, in opposition to the motion to strike argues that count one states a cause of action for breach of contract. In Finley v. Aetna Life Casualty Co., 202 Conn. 190 (1987), the court recognized that oral representations by supervisors and provisions in personnel manuals may create binding employment contracts.
In paragraph five the plaintiff alleges the existence of an oral contract between the parties whereby the plaintiff would return to work for the defendant, under three conditions. The defendant allegedly breached the contract by failing to abide by and honor one of the three contract conditions. The existence of an employment contract under the circumstances alleged by the plaintiff is a question of fact. Finley,202 Conn. at 200-201. Therefore, the motion to strike is denied.
The defendant next moves to strike counts two and three of the plaintiff's revised complaint on the ground that the plaintiff has failed to exhaust his administrative remedies. The second count of the plaintiff's revised complaint is brought pursuant to Conn. Gen. Stat.31-21. This statute provides that "eight hours of labor performed in any one day by any one person shall be a legal day's work unless otherwise agreed."
The third count of the plaintiff's revised complaint is brought pursuant to Conn. Gen. Stat. 31-12. This statute provides in relevant part that:
 None of the following persons under the conditions hereinafter described shall be employed in any manufacturing or mechanical establishment more than nine hours in any day or forty-eight hours in any calendar week. . . (c) handicapped persons, so designated by medical or governmental authority except with their consent and after certification by a physician that the extended hours of work will not be injurious to their health. . . .
The defendant, in support of the motion to strike, relies on Conn. Gen. Stat. 31-22 and 31-50 for the proposition that claimed violations of Conn. Gen. Stat. 31-21 and 31-12 are within the sole jurisdiction of the Labor Commissioner.
Section 31-50 provides that "the commissioner shall enforce the provisions of part I of this chapter and sections 31-23 to 31-49, inclusive, by giving proper orders or notices to the persons or corporations owning, operating, or managing the factories or buildings inspected by him and shall make complaint to the states attorney of any CT Page 5453 violation of said provisions."
The plaintiff, in opposition to the motion to strike, argues that the claimed violations of Conn. Gen. Stat. 31-21 and 31-12 constitute violations of the public policy of the State of Connecticut. The plaintiff argues that the allegations in counts two and three constitute valid causes of action pursuant to the principles of law adopted in Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 474 (1980). In Sheets, supra, the court recognized that an employer's discharge of an at will employee could be performed in a tortious manner and that "public policy imposes some limits on the unbridled discretion to terminate the employment of someone hired at will." Id. at 476. The alleged violations of Conn. Gen. Stat. sections 31-21 and 31-12 do not give rise to a private cause of action as violations of those statutes are within the sole jurisdiction of the Labor Commissioner pursuant to section 31-50. Accordingly, the defendant's motion to strike counts two and three of the plaintiff's revised complaint are granted.
The defendant next moves to strike count four of the plaintiff's revised complaint on the ground that plaintiff has failed to allege facts sufficient to maintain a cause of action for discriminatory discharge pursuant to Conn. Gen. Stat. 31-290a.
Section 31-290a(a) provides that no employer shall discharge any employee "because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter." Pursuant to 31-290a(b)(1), any employee who is so discharged may bring a civil action against the employer.
The plaintiff states in count four at paragraph eight that "defendants' discharge of plaintiff constituted discrimination against him by the defendant because in attempting to limit the number of hours he was required to work, plaintiff was exercising rights afforded him under the workers' compensation law of the State of Connecticut, more specifically under Section 31-313 C.G.S."
Section 31-313 provides in pertinent part that:
 (a)(1) Where an employee has suffered a compensable injury which disables him from performing his customary or most recent work, his employer at the time of such injury shall transfer him to full-time work suitable to his physical condition where such work is available, during the time that the employee is subjected to medical treatment or rehabilitation or both and until such treatment is discontinued on the advice of the physician conducting the same or of the therapist in charge of the rehabilitation program or until the employee has reached the maximum level of rehabilitation for such worker in the judgment of the commissioner under all of the circumstance, whichever period is the longest. (2) The commissioner shall conduct a hearing upon the request of an employee who claims CT Page 5454 his employer has not transferred him to such available suitable work. Whenever the commissioner finds that the employee is so disabled, and that the employer has failed to transfer the employee to such available suitable work, he shall order the employer to transfer the employee to such work. (Emphasis added.)
The plaintiff has failed to exhaust the remedy available to him in section 31-313 (a)(2) and is not entitled to maintain an action pursuant to section 31-290a. Accordingly, the defendant to strike count four of the plaintiff's revised complaint is granted. Moreover, since count five is also brought pursuant to section 31-313 it is legally insufficient and is also stricken.
Finally, the defendant moves to strike count six of the plaintiff's revised complaint on the ground that the plaintiff has failed to state a cognizable cause of action under the Rehabilitation Act, 29 U.S.C.S. 794
(1990). Specifically, the plaintiff has failed to allege that the plaintiff was dismissed from a program or activity receiving financial assistance, a requirement of the Rehabilitation Act.
Section 794 provides in relevant part that:
 No otherwise qualified handicapped individual in the United States, as defined in Section 706(8) of this title, shall solely be reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under. . .any program or activity receiving financial assistance. . . .
In count six at paragraph eight the plaintiff alleges that "defendant is both a contractor with the United States government as well as a recipient of federal financial assistance. . . ." The plaintiff has plead sufficient facts to maintain an action under 794 and the defendant's motion to strike count six of the plaintiff's revised complaint is denied.
For the foregoing reasons, the defendant's motion to strike is granted as to counts two, three, four and five and denied as to counts one and six of the plaintiff's revised complaint.
PICKETT CT Page 5455